**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erik D McBee, | No. CV-25-01344-PHX-KML |
| Petitioner, | **ORDER** |
| v. | |
| Ryan Thornell, et al., | |
| Respondents. | |

Petitioner Erik D. McBee pleaded guilty to second-degree murder and in 2016 was sentenced to 16 years in prison. In April 2025, McBee filed a federal petition for writ of habeas corpus alleging a variety of claims based on an alleged failure to amend his plea agreement to reflect he was eligible for a minimum sentence of ten years instead of fourteen. Magistrate Judge Deborah M. Fine issued a Report and Recommendation (Doc. 14) concluding McBee's petition is barred by the statute of limitations. Judge Fine issued a separate R&R recommending denial of McBee's motion to be released while his habeas petition was pending. (Doc. 13.) McBee filed objections to both R&Rs (Doc. 15, 16) but the R&Rs are correct and adopted in full.[1]

The R&R addressing the merits of McBee's petition provides a detailed recitation of the background facts, most of which are undisputed. Only the following events are important for determining timeliness. In 2014, McBee pleaded guilty in state court to

---

[1] The time for respondents to respond to McBee's objections has not yet expired but the time-bar is obvious from the record and further briefing from respondents would not aid in addressing the R&Rs.

second-degree murder with a stipulated sentencing range of 14 to 22 years. Sometime before McBee's sentencing, McBee's counsel and the prosecutor agreed to lower the minimum possible sentence to 10 years. The paperwork documenting that change was not properly filed and the record at the time of McBee's sentencing in January 2016 seemed to still require a sentence between 14 and 22 years. McBee was sentenced to 16 years. McBee did not seek post-conviction relief at that time.

In 2023, McBee filed a petition for post-conviction relief in state trial court. That court dismissed the petition as untimely. In seeking reconsideration of the dismissal, McBee argued he did not learn of the issue involving the permissible sentencing range until "four years after his January 27, 2016 sentencing." (Doc. 1-7 at 3.) In other words, McBee argued to the state trial court that he learned the factual basis for his claims in approximately 2020. The state trial court denied the motion for reconsideration and the state court of appeals granted review but denied relief. *State v. McBee*, No. 1 CA-CR 23-0548 PRPC, 2024 WL 3611374 (Ariz. Ct. App. Aug. 1, 2024). In April 2025, McBee filed his federal petition.

The R&R concludes McBee's habeas petition is barred by the one-year statute of limitations. The R&R reasons McBee could have learned of the issue regarding the permissible sentencing range shortly after his sentencing in 2016. (Doc. 14 at 8.) But the R&R also points out McBee admitted in state court that he learned of the sentencing issue in 2020, and McBee's own notes indicate he knew of the issue at the very latest as of May 2021. (Doc. 12 at 39.) Based on those dates the R&R recommends the court conclude the petition was filed outside the statute of limitations.

In his objections to the R&R addressing his petition, McBee claims it is unrealistic to expect he could have learned the underlying facts shortly after sentencing in 2016. (Doc. 16 at 3.) But McBee concedes he "understood the factual predicate [for his federal claims] in May 2021." (Doc. 16 at 4.) McBee then argues the delay from 2021 through 2025 was due to his post-conviction relief counsel and "outside of [McBee's] control." (Doc. 16 at 4.)

1   McBee's federal petition was filed approximately four years after he indisputably knew the factual basis for his claims. Although McBee had ongoing state court proceedings during some of the time between learning of the factual basis and filing his federal petition, the state courts eventually concluded McBee's state petition was untimely. The federal courts must accept that ruling. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005). Therefore, McBee is not entitled to statutory tolling for any of the time his state proceedings were ongoing. *Id.* at 417. To the extent McBee was confused whether to file a petition in federal court while his state petition was pending, he could have filed "a 'protective' petition in federal court . . . asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Id.* at 416. McBee did not do so.

As for possible equitable tolling, McBee attributes much of the delay between 2020 and 2025 to his counsel. But as the R&R correctly explains, in the circumstances of this case that delay is not sufficient to support equitable tolling. (Doc. 14 at 14-15.) Finally, the record does not provide any basis to invoke the "actual innocence gateway" that might render McBee's petition timely. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (simplified). McBee's petition is barred by the statute of limitations. That conclusion establishes the R&R recommending denial of McBee's motion for release is also correct and should be adopted.

**IT IS ORDERED** the Report and Recommendation (Doc. 14) is **ADOPTED**. The petition for writ of habeas corpus (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment and close this case.

**IT IS FURTHER ORDERED** the Report and Recommendation (Doc. 13) is **ADOPTED**. The Motion to Release (Doc. 11) is **DENIED**.

/
/
/
/
/

**IT IS FURTHER ORDERED** leave to proceed in forma pauperis and a certificate of appealability are **DENIED** because dismissal of the petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable.

**IT IS FURTHER ORDERED** the Motion for Hearing (Doc. 17) is **DENIED AS MOOT**.

Dated this 6th day of October, 2025.

*[signature]*
Honorable Krissa M. Lanham
United States District Judge